December 2013 44-68 Ida Gonzales PCI Medical Director et al. v. John Hendricks May it please the Court, Deborah Gural Worley on behalf of State Appellants, Dr. Ida Gonzales and Correction Officer Michael Maynard. The issue before this Court, or the request being made by the Appellants in this matter, is to remand this case with instruction to the District Court to address and render a decision on the issue of qualified immunity. The importance of qualified immunity, the core of qualified immunity, is so that State employees, State officers, not only avoid or are immune from liability, but they're also immune from, and trial, but they're also immune from the aspect of suit, of litigation, and the burdens of costs that are. This was denied by the Court below. Why was it denied by the Court below? The District Court denied it because they said that the Appellants had waived their ability to raise affirmative defenses. Can you address that issue, please? Yes, Your Honor. First and foremost, the Appellants, this is a prisoner lawsuit, and under Federal Statute 42 U.S.C. 1997E subsection G, Part 1, the defendants didn't even have to file an answer. It wasn't requested of them, and that doesn't constitute a waiver. Their failure to do so does not constitute a waiver, and it doesn't. No answer is required? No, Your Honor. Not under the Prison Litigation Reform Act. Did you argue that in your brief? Yes, Your Honor. I raised it as an objection, and I argued it under Jones v. Bach also upholds that principle. Where is it in your brief before us? It would be where Jones v. Bach is. Furthermore, even if Jones v. Bach in 1997 wasn't in play, this Court has rendered, has not only in a long list of cases, has indicated that the District Court cannot refuse to resolve a question of qualified immunity. These cases are scaffolded. I'm looking at Jones v. Bach, and it says the level of detail necessary to comply with exhaustion procedures is determined by the prison requirements and not by the PLRA. Well, I'm sorry, Your Honor, but on Jones v. Bach, specifically, I believe on page 202, 200, or page 2 if you have a written copy before you, the Supreme Court has affirmatively held that under 1997 E.G. that the defendants do not have a statutory right to not respond to a complaint unless the Court orders them to do so. In this case, the Court made no order at any point for us to file an answer after we did respond to the complaint. My question was, where is that in your brief? Is it in your brief or it's not? I believe, Your Honor, it is in my reply brief. It's in your reply brief. All right, please proceed. And regardless of whether or not it was raised under 1997, as I just indicated, under these Courts holding in Skousen v. Brighton High School, Summers v. Lease, Wallin v. Norman, the District Court here has determined that the issue of qualified immunity constitutes a conclusive determination for purposes of interlocutory appeal. This Court's reasoning in these cases was that by failing to resolve the qualified immunity question, defendants would be forced to go through a large part of the litigation process the qualified immunity doctrine was designed to avoid. And then that was citing to Wallin v. Norman. Also, this Court has also indicated that simply failure to raise an answer or file an answer, a formal answer, under Federal Rules 8c does not prejudice that the plaintiff in this case or the appellee in this case, if it was raised at an appropriate time when the plaintiffs or when the plaintiffs could respond, they weren't prejudiced because they had an opportunity to respond. You raised it in the motion to dismiss, right? Qualified immunity? Yes, Your Honor. We raised it in a motion to dismiss as well as, which was back in 2008, and we also raised it. When you raised it in the motion to dismiss, you lost before the magistrate judge and then didn't raise it when you had objection, didn't make objections to the District Court. Is that correct? For the motion to dismiss? The motion for qualified immunity. It's a yes or no question. I believe that, I don't believe that they raised it. I don't know, Your Honor, to be honest. It's pretty important though, isn't it? We're talking about whether it's raised. If you say you raised it in the motion to dismiss, but in effect you didn't raise it in the motion to dismiss because you lost it before the magistrate and didn't make an objection to the District Court, I don't see how that's any different from not raising it. Well, Your Honor, if I could explain. The fact that it was raised in a motion to dismiss does not negate the ability to re-raise it again. That's not the question. Where did you re-raise it then? We re-raised it in a motion for summary judgment. From what I gather, maybe the District Court felt that it was waived because you didn't mention it in the response to the magistrate's report, recommendation. I did. In response to the magistrate judge's report and recommendation, I did as far as it goes to the motion for summary judgment. Yes, we objected to that. The magistrate judge had made no determination on the issue of qualified immunity. Yes, I very much objected to that. I filed objections to that. Did the magistrate make two reports and recommendations or just one? For the motion to dismiss and the motion for summary judgment? Yes. Yes, Your Honor. Back in 2008, the magistrate judge granted the motion to dismiss in all aspects except against Dr. Gonzalez and Officer Maynard. Then you should have filed a motion to reconsider or objection or something to show that he or she didn't pass on this other issue of qualified immunity. Your Honor, again, I take full responsibility. That was before I came along. I know objections were filed. I just can't be certain that they addressed qualified immunity. I can't believe that they didn't, but I cannot tell the court sitting here today that that's what occurred. Assuming that they didn't and assuming that, in effect, you didn't raise it at the motion to dismiss stage, that means you're relying on the fact that you raised it at the summary judgment stage then, right? I am in accordance with case law. I am relying on that, Your Honor. Okay. So what did you argue at the summary judgment stage? I argued basically three things, that the failure to exhaust as against Dr. Gonzalez. I argued qualified immunity, and I also argued that there had not been a demonstration of the two parts. You argued it, but there wasn't an answer at that stage. What did the district court say about why that wasn't an adequate raising of it? As to the qualified immunity? That's what you're arguing now, right? Yes, Your Honor. That's why one of the reasons that we are here today and why it's so important, the magistrate judge did not, neither the magistrate judge nor the district court, made any address qualified immunity in any aspect. There was no addressing that qualified immunity wasn't deserving, that Dr. Gonzalez wasn't entitled to it. There was no determination that the facts alleged showed a constitutional. So in the summary judgment motion itself, you relied on qualified immunity? Oh, yes. We asserted qualified immunity in the motion for summary judgment. We supported it in our reply. The district courts adopted the magistrate's report and recommendation. However, the only thing they asserted within that opinion was that we had waived our right to raise, it didn't say qualified immunity, but the district court said we had waived our right to raise the exhaustion as against Dr. Gonzalez. It was a two-paragraph decision, Your Honor. The court's opinion? Yes, Your Honor. What about the magistrate's opinion? It was longer, and it went into the facts of the case, but again, it just was focusing on. . . It didn't deal with qualified immunity? No, Your Honor. It talked about how we had waived our ability to raise those defenses because we had failed to file an answer. It all goes back to whether you're required to file an answer. Yes, Your Honor. If you are required to file an answer, then there's nothing wrong with his argument that you've failed to raise qualified immunity. According to this court, the district court, as well as the Supreme Court decisions, and when I say the Supreme Court decisions, I'm talking about blonder tongue, just the mere fact that we don't raise an affirmative defense in a formal 8C answer does not waive our ability to do so if we raise it before trial in a way that the appellee or plaintiff in this case has the opportunity to respond. And even motions . . . You're talking about trial now, though. We're talking about summary judgment, right? Yes. As long as they have the ability to respond, they're not prejudiced. If we raised it right before trial and we had let it go during the motion to dismiss phase, we let it go during the summary judgment phase, and there's no ability to . . . We couldn't raise it in a trial brief. At least it's a state position. But when we raise it where they can either file . . . Are you trying to preserve the right to raise it at trial, or are you trying to get a reversal denial of summary judgment? I'm asking this court to remand this to the district court so that they can address the issue of qualified immunity and render a decision, rule upon it, as required. You don't want us to rule on the issue of that immunity, but the issue of whether it was waived. I would think that at this point, given the report and recommendation, as well as the district court's opinion, that there may not be enough information before this court. But I, of course, defer to your honors whether or not that is your . . . You have the ability either to rule on the questions of law and send the questions of fact back, or you can remand the whole thing and instruct the district court to address and make a determination on the same. Thank you, counsel. You'll have your rebuttal. Maybe in your rebuttal you could give me the exact page where you say that no answer is required. Yes, your honor. Thank you. Good morning, your honors. Counsel, may it please the court, along with my co-counsel, Dan Mordarski, my name is John Kameles and I represent the plaintiff, John Henricks. John Henricks filed this lawsuit during the George W. Bush administration. Defendant's decision to file this interlocutory appeal over which this court clearly lacks jurisdiction has cost Mr. Henricks an additional 15 months and counting. Why don't we have jurisdiction to review the issue of whether it's been waived or not? It's a legal issue dealing with qualified immunity. It is a legal issue dealing with qualified immunity, your honor, but there's a couple of reasons. First, it's an abuse of discretion standard. Under Mitchell v. Forsythe, Mitchell v. Forsythe sort of lays out the legal arguments that can be made on interlocutory appeal. And what Mitchell v. Forsythe talks about is that one of the two arguments that you regularly see on interlocutory appeal whether the right was clearly established or whether under plaintiff's version of the facts, a reasonable public official would have known that a constitutional right was violated. That's neither argument here. That doesn't answer the question. Sure. Qualified immunity and qualified immunity is supposed to protect you from trial. And if it's a legal issue as opposed to a factual issue, the cases seem to say we have jurisdiction. Sure. So jurisdiction is over. You can read Mitchell v. Forsythe to say that there's jurisdiction over only certain legal issues, the two legal issues normally. How do you read it that way? I mean, it seems a strange way to read it. Well, if you look at it, it says that the issues of law that a, I'm not quoting it verbatim, but the issues of law that a defendant asserting qualified immunity may appeal on an interlocutory basis are, and then it gives the two standard rationales. But I would agree that... Is that a waiver of issue of law? I think waiver is potentially an issue of law, although it's not obviously neatly the type that is normally assessed on interlocutory appeal, in part because it's an abusive discretion standard rather than a de novo standard. But another reason is because they haven't properly teed it up on appeal. Their argument all along has been that the district court failed to rule on qualified immunity, not what the district court actually did, which is strike the qualified immunity defense on procedural grounds and therefore failed to address it substantively on the merits, which the district court had every right to do. And perhaps the most important reason why this court lacks jurisdiction over that particular piece of the case is that Dr. Gonzalez is not a public official entitled to assert qualified immunity under McCollum v. Teat. If she has no right to even... That wasn't addressed by the court at all, right? That was not addressed by the court below. That's true. The court struck the qualified immunity defense and therefore did not need to address whether McCollum v. Teat. You seem to go from jurisdiction straight to issues that weren't resolved. Why can't we focus on the issue that the district court resolved, which was the waiver? The district court did resolve the waiver issue. I don't think appellants have... You don't want to defend that? I'm happy to defend that, Your Honor. Please defend that. Okay, certainly. So there are a couple of issues. Raising... Does an answer... Did an answer need to be filed here? Of course it did, Your Honor. So appellant is incorrect. She never raised that issue in any of the appellate briefing. Nor did she raise it before the magistrate judge. She only raised it in the objections to the magistrate's report and recommendation going to the district judge. That's the only place... That's the objections with respect to the summary judgment motion? That's correct, Your Honor. And in that, it was raised, but it's a frivolous argument. And it's a frivolous argument because the Prison Litigation Reform Act, as this court is certainly aware, is designed in large part to cull down these frivolous prisoner appeals. And it gives the trial court a gatekeeping function. And, in fact, it does permit defendants to essentially sit out a litigation instead of spending public resources to defend a potentially meritless suit. A defendant is allowed to sit back and essentially not engage in the litigation until the district court performs its gatekeeping function and asks the defendant to reply if that's necessary. The district court might throw out a case and has a right to throw out a case sua sponte under the PLRA. But what it does not give the defendants a right to do is actively engage in litigation, defend by filing a motion to dismiss, doing discovery, everything else, and still failing to file an answer. Do you have any... Counsel's telling us that it's understood in the law. You quarrel with that? I absolutely quarrel with it, yes. What is understood under the statute is that a defendant can sit out the litigation, cannot engage until a district court instructs it to. And once instructed, it then is in the normal litigation process. But they have no right to partially engage in the litigation, file motions, practice, engage in discovery, and whatnot, yet not file an answer. They're clearly... Triggering for the end of the right to sit out. Well, they don't have to sit out. They're allowed to engage, which they did here, or the district court says, I'm not sua sponte throwing this out. Please proceed in defending yourself as a normal litigant would. File a motion to dismiss, file an answer. That did not happen. They voluntarily engaged. They did not exercise their right to sit out the litigation. If we agree with you and affirm here, does that mean that qualified immunity cannot be raised when you get to trial? Yes. It's done for good. It's done for good. Why can't they raise it at that point in terms of trial? I mean, that seems like a drastic cure or relief for having kind of bungled the pretrial. Sure, Your Honor. Here you are getting a trial that maybe you would not have otherwise gotten. But to say then they can't argue qualified immunity at trial seems strong. The district court struck the defense. I don't believe that was striking the defense simply from the summary judgment briefing. I think it was striking the defense from the case. And the district court has the discretion to do that. Can they undo that? I believe they can undo that. So we could say in our opinion if we were to affirm that the district court, of course, can permit qualified immunity to be argued at trial? I think that would. That would be okay? That would be okay. I mean, the district court would still have to do it. They would still have to do it. They would still have to decide whether to do it or not, but could decide to do it. I think if the parties were briefing before the district court whether the argument has been raised for trial purposes, that would be fine. And I think like any pretrial order. That would be fine. I want to be clear. It would be fine for this court to instruct the district court that it is within the district court's discretion to permit the qualified immunity defense to be asserted at trial. Okay. Thank you. I think as it currently stands. The court can always change its mind before a final judgment on any kind of a preliminary ruling, right? That's exactly right. In its current posture, I don't think the defendants could raise it because I think the district court has stricken it from the case. But if this court instructed that it could revisit that when the defendants raised it, the district court could certainly say, yeah, it was stricken for summary judgment purposes, but I'm going to let them proceed with it at trial. We would, of course, have an argument against that based on the fact that discovery, we went through the entire discovery process without the issue properly being raised in the case, and it would be up to the district court's discretion. The judge could decide whether you really needed more discovery or whatever. I think that's exactly right, Your Honor. Yes. I want to make a few arguments. I want to also point out that other than this question of whether it was properly raised or whether the district court erred in finding that it was waived, and that's only a very small portion of what the appellants argue on appeal, and everything else is something that this court clearly lacks jurisdiction over. The PLRA exhaustion issue is one that cannot be brought on interlocutory appeal. We noted on multiple occasions that it can't be brought on interlocutory appeal, and the appellants simply ignored it. They've never cited any cases or even made any argument as to why the PLRA exhaustion defense is before this court. Beyond that, the PLRA exhaustion defense argument that they make is that PLRA exhaustion is unwaivable. There has never been a case in the 20 years since a PLRA was enacted to hold that as an affirmative defense, PLRA exhaustion is unwaivable. It's a frivolous argument, and it's part of why we think this case was brought simply for the purpose of delay. In their next argument on Dr. Gonzalez's qualified immunity appeal, defendants argue, again, they argue for qualified immunity for Dr. Gonzalez when under McCollum v. Teep, she is clearly and unequivocally not even entitled to assert qualified immunity. Under McCollum, a private physician who is not a state employee but is contracted by the state to provide medical care to prisoners is not entitled to even assert qualified immunity. Dr. Gonzalez is a private physician, not a state employee, independently contracted by the state to care for prisoners. As a result, she is not even an individual who is permitted to assert the qualified immunity defense. And we decide that on this interlocutory appeal? I think you could if appellants raised it, which they did not. But if you addressed it in this appeal, I think you would be bound by McCollum v. Teep. It's a 2012 decision, unanimous, published decision from this court. I don't think this panel has the ability to overrule it. And in terms of whether Dr. Gonzalez has the ability to even assert qualified immunity, McCollum v. Teep is on all fours with this case. Well, you say if the appellants raised it, they haven't raised it, but you're raising it. I am raising it. You're the appellee, right? We are the appellee, yes. And we're raising it to point out how frivolous this appeal is. They're arguing that it's an interlocutory appeal. It's costing us a year and a half before the trial court. And one of the fundamental arguments is qualified immunity for Dr. Gonzalez, and Dr. Gonzalez is like a taxi driver. The district court didn't make a ruling on that question, right? The district court did not make a ruling on that question. That's correct. For qualified immunity, it just said it was waived. It just granted our motion to strike the defense. That's correct. Officer Maynard separately appeals based on qualified immunity, and that appeal also is something that this court clearly lacks jurisdiction over because it falls right into the heart of Johnson v. Jones. You mean if you lose on the waiver issue? If we lose on the waiver issue, sure. Don't lose on the waiver issue. We don't need to get to these other issues. We certainly don't need to get to these other things.  There's different perspectives on how robust Johnson v. Jones remains in this circuit. There are differing perspectives, but I don't think under any of these perspectives, at least any of the perspectives that have ever been a lead opinion in a case, the arguments that appellants make would fail. There's a Romo case I'm sure Your Honor is well familiar with, but under the majority opinion in Romo and all of the other cases, at least that I'm aware of under Johnson v. Jones, they simply say you cannot appeal from a denial of qualified immunity where the question is whether the pretrial record creates a genuine issue of fact for trial. And then, of course, there's a Scott v. Harris exception. They argue in this case that… I'm just saying there's a lot of room for argument with respect to that stuff. It's hard to say one of those claims is frivolous. I'd say it's wrong, but it's kind of hard to say it's frivolous. Quite frankly, I don't think so, Your Honor. And what I would do is I would refer the case to court to Sanford v. Stewart, which we mentioned in our Rule 28 J letter. This court issued the opinion in January of this year. In Sanford v. Stewart, you had a prisoner bringing a 1983 claim for deliberate indifference. The trial court denied qualified immunity. The defendants took an interlocutory appeal, argued that it fell under the Scott v. Harris exception to Johnson v. Jones because the medical records blatantly contradicted the plaintiff's version of events. This court not only dismissed for lack of jurisdiction under Johnson v. Jones, but unanimously said this appeal is frivolous. So I don't think it's hard to call the case frivolous. We have one on all fours. And I would note also that that case was brought by the Ohio Attorney General's office and by the same Assistant Attorney General that represents the defendants in this case and is arguing before this court today. It's a repeat offender in terms of these interlocutory appeals. Defendants have taken to filing interlocutory appeals on qualified immunity in every case. I do a lot of this Section 1983 litigation, and every single time we survive summary judgment, the case comes up on interlocutory appeal with what seems like no forethought given to whether it's an appropriate appeal under Mitchell v. Forsythe, Johnson v. Jones, and Scott v. Harris or not. And it causes really significant issues. I mean, an interlocutory appeal does not come without costs. You have district court documents. The Supreme Court created this system. Well, Your Honor, they did. One could criticize it, but it's kind of the system we got that allows that. Your Honor, that's fair, but I will say that this court has held, following the implementation of this system in Kennedy v. City of Cleveland and Yates v. City of Cleveland, that along with the right to file an interlocutory appeal on qualified immunity comes the concomitant duty to apply at least a modicum of diligence before exercising that right. That admonition has to mean something, and that's in light of the Supreme Court standards. It's very clear what you can, I mean, very clear is in the eye of the beholder, I suppose, but it's very clear that this case is not one of the exceptions to it. Because of the disruption to the district court docket, because witnesses' memories fade while we approach trial, because of the burden on this court's docket, because attorney fee meters are ticking, there are those costs, and defendants have a duty to exercise some diligence before filing an interlocutory appeal, and they completely failed to meet that duty here, which is part of why, in addition to dismissing for lack of jurisdiction or potentially addressing the narrow issue of waiver that the trial court found, which I would agree is actually an issue of law, although I question the way that appellants have raised it on this appeal, potentially affirming on that narrow issue. We would also ask that the extraordinary delay that's been caused in this case, and because of the frivolousness of at least the vast majority of appellants' arguments, not only this court dismiss for lack of jurisdiction or affirm the district court's summary judgment, but order an award of sanctions for our client to recover the fees and costs associated with the appeal. There are no further questions. Thank you. Thank you, Your Honor. And my colleague is correct in that I did not raise it, and I could not find that I raised it in either the brief or the reply brief, but this court- You scolded us you did, though. I thought I did. I thought I did, because I could see the paragraph, but I raised it in my objections. I set it forth in the objections, and as this court is to do, it did not-  but it's kind of hard when the key argument had already been made, and the oral argument is an argument that's not raised, and that's the heart of your whole stand-up argument, isn't it? Yes, Your Honor, you're absolutely right, but again, this court is to do a de novo review, which would include I've made a record at least of the objections, and it's statutory law, Your Honor, and I wanted to read it because I believe that my colleague- Now we have to go back. The cost of not raising it is not just that it's a little unfair to your opposing counsel, but we work up these cases ahead of time, and try to figure out- I apologize, Your Honor. We don't know what issues you're going to raise. And I take full responsibility, but it is a statutory law, and it is encompassed in a Supreme Court, a United States Supreme Court decision, Jones v. Bach, which is relied on, and I would think that they would have read it all the way through, heavily by the appellee, and 1997 E.G. waiver of reply says it doesn't say anything that we can sit back and do nothing until the initial screening is over with. What 1997 E.G. says is, any defendant may waive the right to reply any action brought by a prisoner confined in any jail, prison, or other correctional facility under 1983 of this title or any other federal law. I mean, we have the right to say- It doesn't say anything in there, unless, notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations as contained in the complaint. Unless the court orders us to ever file an answer, we don't have to. It doesn't say that all of a sudden, once we start litigating, we have to file an answer. We don't ever have to file an answer. You said you didn't put it in your briefs in this court. Did you bring it up before the district court? Yes, Your Honor. I put that in my objections. My objections was quite lengthy, and I included that, and I included the citation to Jones v. Bach. This was in the- Objections to the magistrate's report? Yes. Which one? To the motion for summary judgment. Second. Yes, Your Honor. First. Yes, Your Honor. And again, so, and as far as, and I believe if I heard correctly, the appellee's counsel just indicated that the judge ruled on the procedural grounds and not looking at the substantive grounds of the appeal herein. And it's clearly in Cox, this court has determined, which this portion is still good law, that procedural failings does not ever trump the substantive rights that are contained in a statute. We had a right not only to, we have a right not to reply in an answer. It was apparent we were defending this action. We filed a motion to defense. We raised qualified immunity. And under Cox v. Mayer, again, the procedural rule cannot overcome substantive requirement or restrictions contained in a statute. We had a right not to file an answer. And even putting all that aside, if we had failed an answer in that we didn't file an answer, Consolidated Stores Intern Court v. London Insurance, which I did put in both my brief and reply brief, cites to numerous exceptions by the Sixth Circuit and the Supreme Court Blondertongue Lab v. University of Illinois. Counsel, I'm looking at your brief and I just see one issue that you've raised. Is that correct? The statement of the issue is one. There's no two, right? The statement is because it's before this court. Right or not? Yes, jurisdiction. When I read that, I don't even see where qualified immunity is even raised in your statement of the issue before us. It says whether the district court committed error when, in remaining silent, it determined the failure to exhaust administrative remedies defeated the entitlement to qualified immunity. And if I could explain that, Your Honor. Again, I cleared that up in my reply. The fact that Dr. Gonzales, this is all that was ruled on by the district court. We waived our ability to raise exhaustion. That was the whole decision. That was it. Because we didn't file an answer that we didn't have to file, we waived our ability to. . . I thought it was that you waived qualified. I thought the district court said. . . I'm trying to remember what the exhaustion issue is. That's the only thing that the district court ruled on, Your Honor, is that we waived exhaustion. It didn't speak to. . . It granted their motions to strike, which really, motions to strike are really dedicated to four main reasons, none of which was contained in the appellee's motions to strike. There's only four times that motions to strike are. . . And the district court never did rule on the question of waiver of qualified immunity. Absolutely, Your Honor. I'm sorry. Why did you get them to make a ruling so you could take an appeal? I don't understand whether we even had jurisdiction or not. Under your previous line of cases, you do have jurisdiction because their failure to acknowledge qualified immunity or address it in any manner, they can't refuse to. . . Because if they're allowed to simply say, hey, we're going to grant this motion to strike, we don't have to rule on qualified immunity. They, you're talking about. . . The district court. District courts all over. . . Okay. Are they allowed to ignore qualified immunity and not address it? This court has said unqualified, no, because that would mean they could simply thwart their requirement to address qualified immunity and to do it promptly. Talking about loss of money and loss of income, I mean, that means they can just say, we're not going to even look at qualified immunity. We're just going to proceed on this other issue. And then we get. . . And then that absolves the Sixth Circuit of jurisdiction. And then, therefore, we can just go to trial on whatever. . . All I'm asking you is to send it back down to the district court and say, look at qualified immunity and render a decision on that, Your Honor. As far as these other side issues, Dr. Gonzales, there was no. . . I've never brought it up. The only one that brought it up was the appellee. The district court didn't even. . . They didn't even go so far to say qualified immunity, let alone to say that Dr. Gonzales wasn't entitled to it. And McKillum is not a. . . If we do that, then you could then appeal that, right? Well, if. . . I mean, depending on what the district court looks at and renders a decision about. I see your time is up. Thank you, Your Honor.  Please call the next. . .